# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

READY FOR THE WORLD INC.,
D/B/A READY FOR THE WORLD

               Plaintiff,         CASE NO. 19-10062
                                            HON. DENISE PAGE HOOD
v.

Melvin Riley, John Eaton,
Renee Atkins, Daniel Dillman, and
Jan Mark Land

               Defendants.
_____/

## ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER [# 4] AND NOTICE SETTING HEARING DATE ON MOTION FOR PRELIMINARY INJUNCTION

## I. BACKGROUND

On January 7, 2019, Plaintiff Ready for the World Inc., d/b/a Ready for the World ("Ready for the World") filed a Verified Complaint against Defendants Melvin Riley ("Riley"), John Eaton ("Eaton"), Renee Atkins ("Atkins"), Daniel Dillman, and Jan Mark Land (collectively, "Defendants") alleging: Federal Trademark Infringement pursuant to 15 U.S.C. § 1114 (Count I); Federal Trademark Infringement pursuant to 15 U.S.C. § 1125(a) (Count II); Federal Trademark Dilution (Count III); Passing Off (Count IV); False Advertising (Count V); Damages

1

pursuant to 15 U.S.C. § 1117 (Count VI); Common Law Trademark Infringement and Unfair Competition (Count VII); and Violation of the Michigan Consumer Protection Act (Count VIII). (Doc # 1)

Ready for the World is a successful American R & B band from Flint, Michigan, that had numerous pop, soul, and dance hits in the mid-eighties. (Doc # 1, Pg ID 4) In 2008, Ready for the World Inc. was formed by Melvin Riley, Willie Triplett, Gordon Strozier, Gregory Potts, Gerald Valentine, and John Eaton. (*Id.*; Doc # 1-2) In 2010, Ready for the World registered a trademark with the United States Patent and Trademark Office for "Ready for the World" and the group was given the exclusive rights to the trademark for entertainment, namely, live performances by a musical band. (Doc # 1, Pg ID 5; Doc # 1-3) This trademark is currently active and is presently in use by Ready for the World Inc. The trademark is considered a famous mark within the meaning of 15 U.S.C. § 1125(c). (Doc # 1, Pg ID 7) Further, the trademark is incontestable pursuant to 15 U.S.C. § 1065(c) and 15 U.S.C. § 1115(b). (*Id.*)

On February 18, 2015, one of Ready for the World's members, Riley, indicated to Ready for the World that in the future, he would only perform as the solo entity, "Melvin Riley." (Doc # 1, Pg ID 6; Doc # 1-4) Ready for the World Inc. executed a Shareholders Agreement in February 2018 that was endorsed and executed by all of the group's members except Riley, who refused to sign it. (Doc

2

# 1, Pg ID 6; Doc # 1-5)  On February 18, 2018, Ready for the World's manager, Terry Harvey, contacted Riley and confirmed that Riley had left the group and would no longer perform with the other members.  (Doc # 1, Pg ID 6; Doc # 1-6)  On October 3, 2018, Riley contacted Amanda Tilk of Groove Entertainment and Steve Seiden of Yapsody Entertainment and the Sycuan Casino via email and stated that he was no longer performing or touring with Ready for the World, but would instead be performing with Eaton, another former member of Ready for the World, under the name "Ready 4 the World."  (Doc # 1, Pg ID 6; Doc # 1-7)

Around June 2017, Ready for the World began to notice advertisements throughout the United States in print, social media, and over the radio, that consisted of Riley and Eaton promoting their shows under the names "Ready for the World" and "Ready 4 the World featuring Melvin Riley."  (Doc # 1, Pg ID 8)  On April 20, 2018, Ready for the World Inc. sent a letter to Atikns, Riley's agent and manager, to cease and desist promoting Riley as "Ready for the World."  (*Id.* at 9.)  On July 16, 2018, Dixon Kummer, Ready for the World's attorney at the time, sent Defendants a letter demanding that they "cease and desist" from any and all use of the Ready for the World mark.  (*Id.*; Doc # 1-12)  After Defendants received Kummer's letter, Riley and Eaton proceeded to perform on September 22, 2018, and played many of the hits that were identified with Ready for the World. (Doc # 1, Pg ID 10)  Riley's marketing of himself as Ready for the World has led to some

confusion regarding who will actually be performing during live performances. (Doc # 1, Pg ID 10; Doc # 1-13)

Since Riley departed from Ready for the World, Ready for the World has continued to record and perform under the Ready for the World trademark. (Doc # 1, Pg ID 7) Ready for the World engages in extensive marketing, promotions, and other media to maintain the group's visibility. (*Id.*) To date, Defendants have never asked for, nor obtained permission from Ready for the World, Inc. to use the Ready for the World trademark in connection with their musical endeavors or performances. (*Id.*) Currently, Riley has several shows scheduled on upcoming dates[1] and he has promoted himself as "Ready 4 the World featuring Melvin Riley." (Doc # 1, Pg ID 11)

On January 18, 2019, Ready for the World filed a Motion for Temporary Restraining Order and Preliminary Injunction. (Doc # 4) Ready for the World seeks to temporarily and preliminarily restrain Defendants from infringing on its trademark by way of participating in live performances or music recording, including, but not limited to, any advertisements, solicitations, social media communications, performances or recording under the name "Ready for the World," "Ready for the World featuring Melvin Riley," "Ready 4 the World," or any other

---

[1] Upcoming shows have been scheduled in 2019 for February 8-9 and 15-16, and March 8 and 16. (Doc # 4, Pg ID 105-106)

name that would infringe upon its trademark or create confusion with respect to the designation of the origin of the band or an association with Ready for the World. (*Id.* at Pg ID 104-105.)

## II. MOTION FOR TEMPORARY RESTRAINING ORDER

### A. Standard of Review

Ready for the World analyzes its request for relief under the preliminary injunction standard pursuant to Rule 65(a) of the Federal Rules of Civil Procedure. However, Rule 65(a) provides that a preliminary injunction cannot be issued without notice to the adverse party. Considering that Ready for the World has not provided notice of the instant Motion to Defendants, the Court must assess Ready for the World's Motion while using the criterion for a temporary restraining order pursuant to Rule 65(b).

Rule 65(b) provides a court with authority to issue a temporary restraining order as follows.

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

A temporary restraining order is an extraordinary remedy generally reserved for emergency situations in which the movant may suffer irreparable harm during the time required to give notice to the adverse party or where such notice may precipitate the harm. *See Hambell v. Alphagraphics Franchising Inc.*, 779 F. Supp. 910, 912-13 (E.D. Mich. 1991). Rule 65(b) is clear that the possibly drastic consequences of a restraining order mandate careful consideration by a trial court faced with such a request. 1966 Advisory Committee Note to Rule 65(b). Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury and that the movant has exhausted reasonable efforts to give the adverse party notice. *See Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Sniadach v. Family Fin. Corp. of Bay View*, 395 U.S. 337 (1969); 11 Wright & Miller, Fed. Practice and Procedure § 2951, at 504-06 (1973). Other factors such as the likelihood of success on the merits, the harm to the non-moving party, and the public interest may also be considered. 11 Wright & Miller at § 2951, at 507-08; *Workman v. Bredesen*, 486 F.3d 896, 904-05 (6th Cir. 2007).

### B. Irreparable Injury

It is well settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1991). However, an injury is not fully compensable by money damages if

the nature of the plaintiff's loss would make damages difficult to calculate. *Id.* at 511-12. "The loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to compute." *Id.* at 512. "Courts have held that both potential damage to reputation and likelihood of confusion constitute irreparable injury." *Vuitton v. White*, 945 F.2d 569, 576 (3d Cir. 1991).

Based on the allegations in the Verified Complaint, the Court finds Ready for the World has been irreparably harmed by Defendants' use of its trademarked name. Riley, Ready for the World's former lead singer, and Eaton, another member of the group, are scheduled to perform at several venues under variations of the name "Ready for the World." Defendants are responsible for producing advertisements that if read by an ordinary person, would cause confusion as to who will be performing in concert. The amount of confusion that Ready for the World has already demonstrated has occurred due to Defendants' use of its trademark, and the potential for further confusion, constitutes irreparable harm. Ready for the World has provided the Court with various flyers, advertisements, and social media postings that support a finding of confusion. (Doc # 1-14; Doc # 1-15; Doc # 1-16)

**C. Certification Regarding Notice**

The Court finds that Ready for the World's submitted certification is sufficient pursuant to Rule 65(b)(1)(B). Ready for the World explained to the Court that it has not attempted to contact Defendants regarding this Motion, and has adequately

explained why. Ready for the World argues that if it had notified Defendants about the instant Motion, Defendants could have taken further actions to harm Plaintiff in the media. The Court concludes that Rule 65(b)(1)(B)'s certification requirement has been met.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining Order (**Doc # 4, filed January 18, 2019**) is GRANTED.

IT IS FURTHER ORDERED that Defendants are enjoined from further use of the name "Ready for the World," "Ready for the World featuring Melvin Riley," "Ready 4 the World," or any other derivative or variation of "Ready for the World" in any advertisements, solicitations, social media communications, or performance notifications.

IT IS FURTHER ORDERED that, although Plaintiff has addressed the security requirement set forth in Fed.R.Civ.P. 65(c), the Court requires a $5,000 bond.

IT IS FURTHER ORDERED that a hearing on Plaintiff's Motion for Preliminary Injunction is set for **Friday, February 1, 2019, 2:00 p.m.** Plaintiff must serve Defendants with the Complaint, Motion, and this Order by **January 23, 2019.**

Any response to the motion must be filed by **January 28, 2019.** Any reply to the response must be filed by **January 30, 2019.**

IT IS SO ORDERED.

DATED: January 22, 2019

s/Denise Page Hood
DENISE PAGE HOOD
Chief Judge