UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

READY FOR THE WORLD INC.,
D/B/A READY FOR THE WORLD,

      Plaintiff,        CASE NO. 19-10062
                             HON. DENISE PAGE HOOD

v.

MELVIN RILEY, JOHN EATON,
RENEE ATKINS, DANIEL DILLMAN,
JAN MARK LAND,

      Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [#4]

### I. BACKGROUND

This matter is before the Court on a Motion for Preliminary Injunction that was filed by Plaintiff Ready for the World Inc., d/b/a Ready for the World ("Ready for the World") on January 18, 2019. (Doc # 4) The Court entered an Order granting Ready for the World's Motion for a Temporary Restraining Order on January 22, 2019. (Doc # 8) There have been no responses filed to the instant Motion. A hearing pertaining to the instant Motion was held on February 1, 2019.

On January 7, 2019, Ready for the World filed a Verified Complaint against Defendants Melvin Riley ("Riley"), John Eaton, Renee Atkins, Daniel Dillman,

1

and Jan Mark Land (collectively, "Defendants") alleging: Federal Trademark Infringement pursuant to 15 U.S.C. § 1114 (Count I); Federal Trademark Infringement pursuant to 15 U.S.C. § 1125(a) (Count II); Federal Trademark Dilution (Count III); Passing Off (Count IV); False Advertising (Count V); Damages pursuant to 15 U.S.C. § 1117 (Count VI); Common Law Trademark Infringement and Unfair Competition (Count VII); and Violation of the Michigan Consumer Protection Act ("MCPA") (Count VIII). (Doc # 1) Ready for the World asserts that Defendants have been using its "Ready for the World" trademark without permission while performing live concerts and engaging in other musical recordings under the names "Ready for the World," "Ready for the World featuring Melvin Riley," "Ready 4 the World," "Melvin Riley is Ready for the World," and "Ready." (*Id.* at 2.) According to Ready for the World, even after previous attempts to contact Defendants about infringing on its trademark, Defendants continue to perform under variations of its trademarked name. (*Id.* at 9.) Ready for the World seeks to prevent any further use of "Ready for the World," or any other name that would constitute infringement, in future advertisements, solicitations, social media communications, performances, or recordings. (Doc # 4, Pg ID 104-105)

## II. ANALYSIS

### A. Standard of Review

"The court may issue a preliminary injunction only on notice to the adverse party." Fed.R.Civ.P. 65(a)(1). Four factors must be balanced and considered before the Court may issue a preliminary injunction pursuant to Fed.R.Civ.P. 65(a): 1) the likelihood of the plaintiff's success on the merits; 2) whether plaintiff will suffer irreparable injury without the injunction; 3) the harm to others which will occur if the injunction is granted; and 4) whether the injunction would serve the public interest. *In re Delorean Motor Co.,* 755 F.2d 1223, 1228 (6th Cir.1985); *In re Eagle–Pitcher Indus., Inc.,* 963 F.2d 855, 858 (6th Cir.1992); and *N.A.A.C.P. v. City of Mansfield, Ohio,* 866 F.2d 162, 166 (6th Cir.1989). The first factor is the most critical inquiry of the four criteria. *Mason Cnty. Med. Ass'n v. Knebel,* 563 F.22d 256, 261 (6th Cir.1977). In making its determination the "district court is required to make specific findings concerning each of the four factors, unless fewer factors are dispositive of the issue." *Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.,* 119 F.3d 393, 399 (6th Cir.1997). Courts should consider the merits of a requested preliminary injunction even where the validity of the underlying claims will be determined in arbitration. *Am. Exp. Fin. Advisors, Inc. v. Thorley,* 147 F.3d 229, 231 (2d Cir.1998); *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 910 F.2d 1049, 1052–54 (2d Cir.1990) (The expectation of speedy arbitration does not absolve the district court of its responsibility to decide requests for

preliminary injunctions on their merits.); *Wells v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 919 F.Supp. 1047, 1051 (E.D.Ky.1994).

**B. Plaintiff's Likelihood of Success on the Merits**

    **1. Trademark Infringement and Unfair Competition and MCPA Claims**

A plaintiff alleging a violation of the Lanham Act for trademark infringement and unfair competition must demonstrate that: 1) the plaintiff has a valid and legally protectable mark; 2) it owns the mark; and 3) the defendant's use of the mark to identify goods or services causes the likelihood of confusion. *See Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 502 F.3d 504, 512-13 (6th Cir. 2007) (citing 15 U.S.C. § 1115(a)). To show trademark infringement and unfair competition under 15 U.S.C. § 1114, a plaintiff must show that the use of the allegedly infringing trademark "is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *General Motors Corp. v. Lanard Toys, Inc.*, 468 F.3d 405, 412 (6th Cir. 2006) (citations omitted); *see also Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Center*, 109 F.3d 275, 280 (6th Cir. 1997) (noting that "[t]he touchstone of liability under § 1114 is whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties"). Trademark infringement under Michigan law

employs the same likelihood of confusion test. *Wilson v. Salem Sportswear, Inc.*, 931 F.2d 1100, 1105 n.1 (6th Cir. 1997). "This Circuit considers the question of whether there is a likelihood of confusion a mixed question of fact and law." *Lanard Toys*, 468 F.3d at 412 (citation omitted).

The eight factors analyzing likelihood of confusion are set forth in *Frisch's Restaurants v. Elby's Big Boy, Inc.*, 670 F.2d 642, 648 (6th Cir. 1982): 1) strength of the mark; 2) relatedness of the goods or services; 3) similarity of the marks; 4) likely degree of purchaser care; 5) the defendant's intent in selecting its mark; 6) marketing channels used; 7) likelihood of expansion of the product lines; and 8) evidence of actual confusion. *Lanard Toys*, 468 F.3d at 412 (factors rearranged). A plaintiff must demonstrate a likelihood of confusion to obtain equitable relief; a plaintiff must demonstrate *actual* confusion to recover statutory damages. *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006). These factors are only a guide to determine the likelihood of confusion; they imply no mathematical precision. *Homeowners Group, Inc. v. Home Marketing Specialists, Inc.*, 931 F.2d 1100, 1107 (6th Cir. 1991).

Ready for the World argues that it is likely to prevail with its trademark infringement and unfair competition and MCPA claims pursuant to the Lanham Act and Michigan law. Ready for the World contends that it has sufficiently demonstrated that it owns the trademark to its band's name and that Defendants

continue to infringe on its mark without authorization.  Further, Ready for the World asserts that there is a significant risk that consumers will confuse its band with Defendants' band based on the factors that courts consider when assessing trademark infringement actions.

The Court is satisfied that the first two factors have been met.  Ready for the World has demonstrated that it has obtained and owns a valid and legally enforceable trademark.  (Doc # 1-3)  This trademark was registered on July 20, 2010, and was issued for entertainment and live performances by a musical band.  (*Id.*)  There is also no question about the trademark's viability, as it is currently being used by Ready for the World.

The Court finds that for purposes of this Motion, the third factor has also been satisfied.  It is evident that there is a high likelihood that Defendants' use of the Ready for the World trademark will cause confusion amongst consumers.  The trademarked name "Ready for the World" is not distinct from any of the band names that Defendants have been using in their advertisements and while performing.  Ready for the World has disclosed that there has already been an instance where a promoting company expressed its frustration over the bands' similar names.  While the Sixth Circuit has acknowledged that courts should consider all of the above-mentioned eight factors when assessing trademark

6

infringement and unfair competition and MCPA claims, it does not appear that any of them weigh in favor of Defendants. Defendants have also not argued otherwise.

### 2. Trademark Dilution Claim

The Lanham Act also prohibits the "dilution" of famous marks. *See* 15 U.S.C. § 1125(c). For a Plaintiff to establish a federal claim of dilution: "(1) the senior mark must be famous; (2) it must be distinctive; (3) the junior use must be a commercial use in commerce; (4) it must begin after the senior mark has become famous; and (5) it must cause dilution of the distinctive quality of the senior mark." *Kellogg Co. v. Exxon Corp.,* 209 F.3d 562, 577 (6th Cir.2000). Further, direct evidence of dilution is not necessary if actual dilution can be reliably proved through circumstantial evidence—the obvious case is one where the junior and senior marks are identical. *Moseley v. V. Secret Catalogue, Inc.,* 537 U.S. 418, 434.

Ready for the World argues that it has a legitimate claim based on the relevant analysis that courts rely on when evaluating trademark dilution claims. The Court agrees. Plaintiff has established that its mark is both famous and distinctive due to the band's recognized acclaim and notoriety. (Doc # 1, Pg ID 4-5) Defendants' use of the mark is a commercial use in commerce considering that Defendants' primary use of the mark has been for purposes of touring around the United States. Defendants only began performing under variations of Ready for

the World's trademark after Plaintiff's mark became famous.[1] Finally, the dilution of Ready for the World's trademark can be implied due to the circumstantial evidence that Ready for the World has presented at this stage. The Court finds that there is a significant likelihood that Ready for the World would prevail with its Trademark Dilution claim.

While Defendants did not file a response to the instant Motion, Defendants argued on the record that because Defendant Riley never officially left the band, Riley still owns the trademark along with Ready for the World. Defendants contended that case law supports the position that since Riley is an owner of the trademark, he cannot be liable for trademark dilution. *Derminer v. Kramer*, 406 F. Supp. 2d 756, 758 (E.D. Mich. 2005) (explaining that there cannot be a trademark dilution action between co-owners of the trademark that is at issue).[2] Defendants have not submitted to the Court any evidence to support their claim. The Court will therefore rely on Ready for the World's evidence indicating that Riley left Ready for the World in February 2015. (Doc # 1, Pg ID 6; Doc # 1-4)

**C. Irreparable Injury Without the Injunction**

---

[1] Defendants argued on the record that Riley went on tour by himself under the name "Ready for the World" prior to when Plaintiff acquired its trademark. The Court will not directly address this argument because Defendants have not provided the Court with any evidence supporting this claim.

[2] On the record, Defendants also cited to *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). However, that case is not relevant to the instant Motion since it addresses *permanent* injunctions.

It is well settled that a plaintiff's harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1991). However, an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make damages difficult to calculate. *Id.* at 511-12. "The loss of customer goodwill often amounts to irreparable injury because the damages flowing from such losses are difficult to compute." *Id.* at 512. "Courts have held that both potential damage to reputation and likelihood of confusion constitute irreparable injury." *Vuitton v. White*, 945 F.2d 569, 576 (3d Cir. 1991).

Here, Ready for the World has shown that it will be irreparably harmed if Defendants continue performing while using Plaintiff's trademark. The confusion that the Court has found to be caused by Defendants' actions could negatively impact Ready for the World's relationship with those who consume its musical content. Even though it is possible that Defendants could affect Ready for the World financially by detracting fans from its performances, Defendants' use of Ready for the World's trademark could also certainly damage Plaintiff's reputation.

**D. Harm to Others**

A preliminary injunction will not harm Defendants in any way. By granting Ready for the World's request for a preliminary injunction, Defendants would not

be limited professionally because they will all still have the ability to use their own individual names, or a band name that is distinct from "Ready for the World," while advertising for concerts and participating in live performances. Further, Defendants have not argued that they would be harmed by the issuance of an injunction.

### E. Public Interest

In this case, the public has an interest in not suffering from the confusion resulting from Defendants' use of Ready for the World's trademark. An injunction would ensure that concertgoers would not be deceived by false or misleading advertisements. The Court finds that Ready for the World has demonstrated that it would serve the public well to prohibit Defendants from benefitting from Ready for the World's mark.

### F. Weighing the Factors

After weighing the above factors, the Court finds that Ready for the World is entitled to a preliminary injunction enjoining Defendants from using its trademark.

## III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction (Doc # 4) is **GRANTED**.

IT IS FURTHER ORDERED that Defendants are enjoined from further use of the name "Ready for the World," "Ready for the World featuring Melvin Riley," "Ready 4 the World," "Melvin Riley is Ready for the World," "Ready," or any other name that would infringe upon Plaintiff's trademark, in any advertisements, solicitations, social media communications, or performance notifications.

IT IS SO ORDERED.


DATED:  February 8, 2019

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge